# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| David Anthony, Sr., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  1:20-cv-2439 |
| Access Capital Services, Inc., a California corporation, and Convergence Acquisitions, LLC, an Iowa limited liability Company, | ) ) ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, David Anthony, Sr., brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendants conduct business here.

## PARTIES

3. Plaintiff, David Anthony, Sr. ("Anthony"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a defaulted consumer debt that he allegedly owed for a Fifth/Third consumer account.

4. Defendant, Access Capital Services, Inc. ("Access"), is a California

corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Access operates a defaulted debt collection business, and attempts to collect debts from consumers, including consumers in the State of Indiana. In fact, Defendant Access was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Convergence Acquisitions, LLC ("Convergence"), is an Iowa limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Convergence operates a defaulted debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Indiana. In fact, Defendant Convergence was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.      Defendant Convergence is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant Convergence's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7.      Defendants Access and Convergence are authorized to conduct business in the State of Indiana, and maintain registered agents here, <u>see</u>, records from the Indiana Secretary of State, attached at Group Exhibit <u>A</u>. In fact, each Defendant conducts business in Indiana.

8.      Defendants Access and Convergence are not licensed as debt collection

2

agencies in the State of Indiana.

## FACTUAL ALLEGATIONS

9. In 2012, Plaintiff Anthony allegedly had a consumer account with Fifth/Third Bank. Mr. Anthony refused to pay this debt because he believed it was opened as a result of identity theft. At some point in time after that debt went into default, it was allegedly purchased by a bad debt buyer, Convergence Acquisitions. Defendant thereafter began attempting to collect this debt, via a collection letter dated October 30, 2019.  A copy of the collection letter is attached as Exhibit B.

10. The statute of limitations in the State of Indiana for collecting the defaulted debt at issue was, pursuant to Indiana Code § 34-11-2 (six years from the date of the last payment/statement).

11. Nowhere in Defendants' letter, did it disclose that this debt was time-barred. Moreover, the letter failed to disclose that partial payment would restart the statute of limitations, see, attached Exhibit B.

12. Defendants' collection actions constitute material violations of the FDCPA because Access failed to disclose that the debt was time-barred. This lack of disclosure left Mr. Anthony without enough information to make a decision as to what to do about the collection of the debt at issue and caused him to believe Defendants could continue to demand payment. Moreover, this collection letter alarmed and distressed Mr. Anthony as to how he could disprove the debt after such a long time.

13. All of Defendants collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the

"unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

17. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017), cert. denied, 86 U.S.L.W. 3090 (U.S. Jan. 16, 2018)(No. 17-255); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014). By sending Plaintiff the October 30, 2019 collection letter (Exhibit B), for a debt that was time-barred, failing to disclose that the debt was time-barred, and failing to disclose that partial payment would restart the statute of limitations, Defendants violated § 1692e of the FDCPA.

18. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692f of the FDCPA prohibits a debt collector from using any

4

unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

21. Defendants, by attempting to collect a time-barred debt, failing to disclose that the debt was time-barred, and failing to disclose that partial payment would restart the statute of limitations, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

22. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, David Anthony, Sr., prays that this Court:

1. Find that Defendants' collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Anthony, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, David Anthony, Sr., demands trial by jury.

David Anthony, Sr.,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 22, 2020

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
John T. Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
john@johnsteinkampandassociates.com